IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MCLALLEN d/b/a PHOENIX RESEARCH )<br>  )<br>Plaintiff ) <br>  )<br>v. )<br>  )<br>ABB, INC. )<br>Defendant ) | Civil Action No. 1:17-cv-37<br><br><br><br><br><br>ELECTRONICALLY FILED |

## COMPLAINT

Plaintiff Lisa McLallen d/b/a Phoenix Research, by her attorneys, MacDonald, Illig, Jones & Britton LLP, hereby files this Complaint against the Defendant ABB, Inc. averring as follows:

**I.      Introduction**

1.      This action seeks monetary damages and equitable relief to redress unpaid commissions due from defendant ABB, Inc. ("ABB") to plaintiff Lisa McLallen ("McLallen") d/b/a Phoenix Research, and for an accounting of the value of the property recovered by McLallen for the benefit of ABB.

2.      As described in more detail below, McLallen, operating as Phoenix Research, performed asset recovery services for ABB from 2004 through 2016 wherein she located unclaimed property being held under ABB's Federal Employer Identification Number (FEIN), and for which she was paid, or was to be paid, a ten percent commission.

3.      This case arises out of ABB's refusal to pay McLallen her ten percent commission on the value of certain unclaimed property in the form of shares of stock that are or were being held by Computershare under ABB's FEIN, which McLallen found in October 2015.

4. Despite several demands, McLallen has not received her commission based on the value of the unclaimed shares, nor has she received information from ABB upon which she can specifically calculate the amount due to her on account of those shares.

## II.     The Parties

5. McLallen is an individual residing at 5225 West 38th Street, Erie, Erie County, Pennsylvania 16506.

6. Phoenix Research is a registered fictitious name under the laws of Pennsylvania with its registered address at 5225 West 38th Street, Erie, Erie County, Pennsylvania 16506.

7. McLallen is the owner of Phoenix Research and provides asset recovery services under the fictitious name.

8. ABB is a Delaware corporation with headquarters located at 12040 Regency Parkway, Suite 200, Cary, North Carolina 27518.

9. ABB has numerous offices throughout the United States, including locations in the Western District of Pennsylvania.

## III.    Jurisdiction and Venue

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

11. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this matter occurred in this District, and ABB is subject to personal jurisdiction in this District.

## IV. Factual Background

### A. *Agreements and Course of Dealing Between ABB and Phoenix Research*

12. From October 2004 through the first half of 2016, McLallen, d/b/a Phoenix Research, regularly provided unclaimed property and/or asset recovery services to ABB and was regularly compensated for those services through a ten percent (10%) commission.

13. Over the course of their dealings, McLallen and ABB had several written agreements, all of which provided for the same six-month term and ten percent commission.

14. Over the course of their dealings, there were many periods for which there was no written agreement, but the parties continued to act as if a written agreement was in place, McLallen continued to provide the services outlined in the written agreements and ABB continued to compensate McLallen under the terms and conditions of the written agreements, i.e., a ten percent commission.

15. On or about April 30, 2014, McLallen and ABB entered into their most recent written agreement. A true and correct copy of the agreement is attached hereto as Exhibit "A".

16. The April 30, 2014 agreement, like the previous written agreements and the course of dealing between the parties, called for McLallen to perform the following:

> **SERVICES:** The Agent [Phoenix Research] shall search nationally for assets or funds previously unidentified by the Client [ABB, Inc.] but due and owing to Client (the "Search") with the objective of recovering funds (the "Recovery"). The amount of specific funds or assets, if any, discovered in the Search are in amounts to be determined after the Search has been completed and the paperwork for the Recovery is submitted. Agent will provide all the necessary validation and connective documentation to complete the Recovery. The Services, including the Search and the Recovery, shall be performance [*sic*] in accordance with all applicable laws. To effect the Recovery, Client must sign all documentation relating to the Recovery.

(*See* Agreement, Ex. A.)

17. The April 30, 2014 agreement, like the previous written agreements and the course of dealing between the parties, called for McLallen to receive compensation on the following terms:

> **PRICE AND PAYMENT:** Any funds or assets recovered in the Recovery will be mailed directly to Client at the address above. Agent's fee for any Recovery is the maximum allowed by law, but in no event will exceed 10% of such Recovery, to be paid within 30 days of invoicing for such Recovery. Client is under no obligation to pay Agent a fee if there is no Recovery. All of Agent's costs incurred in the performance of the Services are borne by Agent.

(*See* Agreement, Ex. A.)

18. Although the "Term" of the April 30, 2014 agreement expired in October 2014, McLallen continued to provide asset recovery services to ABB into the first half of 2016.

19. In return for these services, other than the shares that are the subject of this Complaint, McLallen continued to be compensated on a ten percent commission from ABB.

20. From 2010 through 2015, Juliann Little was McLallen's direct contact at ABB.

21. Ms. Little received and provided all documentation necessary for McLallen to perform her asset recovery services, and to be paid for those services.

22. When checks were received by ABB as a result of McLallen's services, Ms. Little would e-mail copies of those checks to McLallen so that McLallen could calculate her ten percent commission, create an invoice for that amount and e-mail the invoice to Ms. Little for payment.

**B.**   *Phoenix Research's Initial Communications with Computershare*

23. On October 6, 2015, McLallen, operating as Phoenix Research, spoke to a representative of Computershare and inquired as to whether Computershare had any accounts under ABB's Federal Employer Identification Number (FEIN).

24. The Computershare representative advised there were many accounts under ABB's FEIN, and that a number of those accounts were dormant and soon-to-be labeled as unclaimed property.

25. According to the representative, Computershare had sent correspondence to the accounts' addresses of record, but most of that correspondence had been returned to Computershare due to an incorrect mailing address.

26. The Computershare representative advised McLallen that if the contact information for these accounts was not updated, the accounts would be sent to various states' unclaimed property programs.

27. When McLallen requested the approximate dollar value for these accounts, she was advised by the Computershare representative that they were "sizeable" and somewhere in the high six-figure range.

28. As a result of her communication with Computershare, McLallen provided ABB, through Ms. Little, a draft change of address form and corporate authorization letter. True and correct copies are attached hereto as Exhibits "B" and "C", respectively.

29. In an e-mail dated October 9, 2015, Ms. Little advised that the change of address form and corporate authorization letter were sent to Computershare via certified mail return receipt requested. True and correct copies of the executed change of address form and corporate authorization letter are attached hereto as Exhibits "D" and "E", respectively.

### C. *ABB's Questioning of Computershare Accounts*

30. On November 16, 2015, McLallen received a telephone call from Allan Wells, ABB Tax Director.

31. Mr. Wells asked McLallen why she had contacted Computershare regarding ABB accounts; who authorized her to perform these services on behalf of ABB; and requested that she cease asset recovery services for ABB.

32. McLallen responded that Peggi Rockefeller, ABB's prior Tax Director, had tasked her with finding a large amount of stock that was owned by ABB, but was lost in one of the many address changes ABB had undergone in the past.

33. In an attempt to locate the missing stock, McLallen annually searched different sources of pre-escheatment accounts, which in this instance, included the Computershare accounts.

34. During the November 16, 2015 telephone conversation, McLallen requested that Mr. Wells send her the account information Computershare had provided to ABB in response to the change of address form and corporate authorization letter that were sent by Ms. Little on or about October 9, 2015.

35. McLallen did not receive the Computershare account information until February 2016, and she has never been provided the value of the Computershare accounts.

36. In an e-mail dated February 1, 2016, Mr. Wells provided McLallen with ten letters dated October 14, 2015, from Computershare identifying ten different accounts under ABB's FEIN.  A true and correct copy of Mr. Wells' February 1, 2016 e-mail and the Computershare letters are attached hereto as Exhibit "F".

37. The letters from Computershare, dated October 14, 2015, include the name of each account, the company that the stock originated from, and the document identification number. Omitted from the letters and the information provided by ABB to-date is the value of the Computershare Accounts and the shares in those accounts.

38. As a result of several rounds of correspondence between counsel for McLallen and general counsel for ABB, David Onuscheck, and based on documentation provided by ABB during that process, McLallen concluded that she is entitled to a ten percent commission based on the value of six of the ten accounts identified in the October 14, 2015 Computershare letters (the "Computer Share Accounts"):

| | |
|---|---|
| Company: | Calpine Corporation |
| Registration: | ABB Inc. |
| Holder of Account No.: | xxxxxxx0540 |
| Document I.D.: | 15287WF00869512 |
| Computershare Reference: | PRU/002833373/3/ |
| Company: | Metlife Inc. |
| Registration: | ASEA Brown Boveri Inc. |
| Holder of Account No.: | xxxxxxx5523 |
| Document I.D.: | 15287WF00875604 |
| Computershare Reference: | METL/0002833373/3/ |
| Company: | Lyondellbasell Industries NV |
| Registration: | ABB Automation Analytic Division |
| Holder of Account No.: | xxxxxxx2803 |
| Document I.D.: | 15286WF00858291 |
| Computershare Reference: | LYOB/0002833373/3/ |
| Company: | Esmark Inc. |
| Registration: | ABB Automation Inc. |
| Holder of Account No.: | xxxxxxx3321 |
| Document I.D.: | 15287WF00875423 |
| Computershare Reference: | WPSC/0002833373/3/ |
| Company: | Calpine Corporation |
| Registration: | ABB Inc. |
| Holder of Account No.: | xxxxxxx0540 |
| Document I.D.: | 15287WF00875542 |
| Computershare Reference: | CPNC/0002833373/3/ |
| Company: | Esmark Inc. |
| Registration: | ABB Automation Inc. |
| Holder of Account No.: | xxxxxxx59170 |
| Document I.D.: | 15287WF00875394 |
| Computershare Reference: | WPSC/0002833373/3/ |

**D.**     *Phoenix Research and ABB's Continued Relationship*

39.     On December 8, 2015, Mr. Wells sent McLallen an e-mail regarding renewal of the Agreement between ABB and Phoenix Research. The e-mail provided, in part, as follows:

> *Juliann shared your questions regarding renewing the agreement between ABB and Phoenix. For the moment, let's hold off on an agreement extension and continue to have Phoenix focus recovery efforts for ABB Inc. only for those states which do not require a copy of an active agreement.*

A true and correct copy of the December 8, 2015 e-mail is attached hereto as Exhibit "G".

40.     In addition, the December 8, 2015 e-mail advised that unclaimed property recovery efforts would be transitioned to ABB's Manager of Unclaimed Property, Charlotte Kirk.

41.     McLallen confirmed that she was willing to continue to work with ABB and again requested the status of the accounts for which she had not yet received her commission.

42.     Mr. Wells responded via e-mail dated January 12, 2016 expressing his appreciation for McLallen's continued "efforts on behalf of ABB Inc. in 2016", but made no mention of the Computershare Accounts. A true and correct copy of the January 12, 2016 e-mail is attached hereto as Exhibit "H".

43.     On January 28, 2016, McLallen sent an e-mail to Ms. Kirk regarding the Computershare Accounts.

44.     Mr. Wells replied on February 1, 2016 enclosing copies of the letters received from Computershare, advising that the "Prudential account" was known to ABB and therefore would be excluded from consideration, and indicating that ABB's Treasury team was "trying to understand how to get the balances resolved," which is a "slow and tedious process." A true and correct copy of the January 28, 2016 through February 1, 2016 e-mail chain is attached hereto as Exhibit "I".

45. In 2016, with the approval of Mr. Wells and ABB, McLallen continued to provide asset recovery services to ABB.

46. In January 2017, McLallen received an e-mail from Ms. Kirk regarding unclaimed property that McLallen found for ABB in Virginia.

47. Ms. Kirk forwarded the unclaimed property information she received from the State of Virginia so that McLallen could calculate her ten percent commission and issue an invoice, which she has done and for which she expects ABB will issue payment. A copy of the correspondence and documentation received by McLallen from Ms. Kirk dated January 4, 2017 is attached hereto as Exhibit "J".

**E.**   *Commissions Due and Owing For Computershare Accounts*

48. From February 2016 through May 2016, ABB and McLallen exchanged numerous e-mails regarding the Computershare Accounts.

49. McLallen consistently offered her services in getting the account balances resolved and assisting ABB Treasury in its claim for the Computershare Accounts.

50. ABB has denied that McLallen is entitled to a commission based on the Computershare Accounts and has refused to remit payment.

### COUNT I -- Breach of Contract

51. Paragraphs 1 through 50 are hereby incorporated by reference.

52. McLallen's identification of the Computershare Accounts in October 2015, falls within the scope of the agreement between ABB and McLallen that has been in place since October 2004.

53. McLallen's services in October 2015 resulted in ABB's recovery of the Computershare Accounts.

54. As a result of McLallen's services, ABB has or will receive the value of the Computershare Accounts.

55. Under the terms of the agreement between McLallen and ABB, McLallen is entitled to recover a commission in the amount of ten percent of the value of the Computershare Accounts from ABB.

56. Upon information and belief, based on the information provided by a Computershare representative, the value of the Computershare Accounts is in the high six-figure range.

57. ABB has failed to pay McLallen the agreed-upon ten percent commission due on the value of the Computershare Accounts.

58. ABB has breached its agreement with McLallen.

59. Based upon the foregoing, McLallen is entitled to money damages equal to ten percent of the value of the Computershare Accounts and any money and other property received by ABB or any entities controlled by it with respect to the Computershare Accounts.

### **COUNT II -- Unjust Enrichment (in the alternative)**

60. Paragraphs 1 through 59 are hereby incorporated by reference.

61. McLallen has conferred a benefit on ABB, who has full knowledge thereof.

62. ABB voluntarily accepted and retained the benefit conferred.

63. The circumstances render ABB's retention of the benefit inequitable unless ABB pays to McLallen the value of the benefit, which is equal to ten percent of the value of the Computershare Accounts and any money and other property received by ABB or any entities controlled by it with respect to the Computershare Accounts.

64. ABB has been unjustly enriched at the expense of McLallen.

65. McLallen is entitled to damages as a result of ABB's unjust enrichment, including the disgorgement of all monies unlawfully retained and all monies obtained in the future by ABB at the expense of McLallen.

## COUNT III -- Claim for Accounting

66. Paragraphs 1 through 65 are hereby incorporated by reference.

67. The activities of ABB as alleged above entitle McLallen to an equitable accounting by ABB for the value of the Computershare Accounts and any money and other property received by ABB or any entities controlled by it with respect to the Computershare Accounts.

68. There exists a fiduciary or trust relationship respecting ABB's dealings with the Computershare Accounts. ABB entrusted to McLallen the duty to locate and determine its interests in the Computershare Accounts in exchange for a percentage commission of the value of the accounts.

69. Given the relationship, ABB is bound to reveal to McLallen the value of the Computershare Accounts.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Lisa McLallen d/b/a Phoenix Research respectfully requests this Honorable Court to grant the following relief:

a. An award in favor of Lisa McLallen d/b/a Phoenix Research and against ABB, Inc. for compensatory damages, with interest, and/or equitable accounting, disgorgement of any and all monies arising from ABB, Inc.'s unlawful conduct, and reimbursement of all costs and expenses, including expert and attorneys' fees, incurred by Lisa McLallen d/b/a Phoenix Research in connection with this litigation, all in excess of $75,000; and

b. such other relief as the Court deems proper under the circumstances.

Dated: February 10, 2017

Respectfully submitted,

*/s/* Nicholas R. Pagliari
Nicholas R. Pagliari
Pa. Supreme Court ID No. 87877
Jamie R. Schumacher
Pa. Supreme Court ID No. 318873
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
Tel: (814) 870-7754
Fax: (814) 454-4647
Email: npagliari@mijb.com

Attorneys for Plaintiff
   Lisa McLallen d/b/a Phoenix Research

1511082

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MCLALLEN d/b/a PHOENIX RESEARCH<br>    Plaintiff<br><br>    v.<br><br>ABB, INC.<br>    Defendant | )<br>)<br>) Civil Action No. 1:1___-cv-_____<br>)<br>)<br>)<br>)<br>)<br>) ELECTRONICALLY FILED |

## **VERIFICATION**

I, Lisa McLallen, hereby depose and state that the averments set forth in the foregoing Complaint are true and correct to the best of my knowledge or information and belief.

To the extent that the foregoing contains legal conclusions or opinions, I hereby state that my Verification is made upon the advice of counsel, upon whom I have relied in the filing of this document.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Lisa McLallen d/b/a Phoenix Research

Dated: February 2, 2017